UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ALBA T. PFEFFER,  :
                      Plaintiff,  :
                                                                        **OPINION AND ORDER**
v.  :
                                                                             16 CV 8321 (VB)
WELLS FARGO ADVISORS, LLC, and  :
ANDRE MIRKINE,  :
                      Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Alba T. Pfeffer, proceeding pro se, brings this action against defendants Wells Fargo Advisors, LLC, and Andre Mirkine, to vacate an arbitration award issued by a Financial Industry Regulatory Authority ("FINRA") arbitration panel.

Before the Court is plaintiff's complaint, which the Court construes as a motion to vacate the arbitration award (Doc. #1), and defendants' motion to dismiss the complaint and confirm the arbitration award. (Doc. #11).

For the following reasons, plaintiff's motion is DENIED and defendants' motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.[1]

---

[1] Although the complaint states there is federal question jurisdiction, it appears to contain only state law claims. The Federal Arbitration Act "does not confer independent federal question jurisdiction under 28 U.S.C. § 1331." Application of Prudential Sec. Inc., 795 F. Supp. 657, 659 (S.D.N.Y. 1992) (citing cases). Nevertheless, the Court has subject matter jurisdiction by virtue of diversity of citizenship. (See Grannum Jan. 10, 2017, Aff. ¶ 6).

1

## BACKGROUND

The following factual background is drawn from the complaint and the parties' submissions in support of and in opposition to the pending motions.

Plaintiff is the widow of Murray Pfeffer, who died in 2012.

According to plaintiff's statement of claim submitted to FINRA, Mr. Pfeffer executed a "power of attorney" in 2003 under which plaintiff "was authorized to act as Murray Pfeffer's authorized agent and attorney-in-fact to buy, sell and trade in any stocks and bonds, options, other securities, commodities and contracts relating to them, on margin or otherwise." (Betz Aff. Ex. B ¶ 4). The power of attorney authorized plaintiff "to act for her husband . . . and on his behalf . . . regarding 'everything mentioned['] in the power of attorney document and everything necessary to conduct his account." (Id. (quoting the power of attorney, Betz Aff. Ex. F at 14)). The following year, on June 29, 2004, Mr. Pfeffer created two revocable trusts—"Trust A" and "Trust B"—with A.G. Edwards, a company that in 2008 was acquired by Wachovia Corporation and then by Wells Fargo.[2] (Id. ¶ 5). Plaintiff was the beneficiary of Trust A ("plaintiff's trust"); and Murray Pfeffer's children from his first marriage were the beneficiaries of Trust B ("the children's trust").

Defendant Andre Mirkine was at all relevant times a financial advisor and Mr. and Mrs. Pfeffer's contact at A.G. Edwards and later Wells Fargo. (Betz Aff. Ex. B. ¶ 2; Transcript of proceedings before the FINRA arbitration panel (Grannum Jan. 10, 2017, Aff. Exs. A-E and Grannum May 11, 2017, Aff. Exs. A-B, hereinafter "Tr.," at 461)).

---

[2] See https://www.wellsfargoadvisors.com/about/agedwards.htm (last visited May 22, 2017).

Beginning in October 2009, plaintiff and Murray Pfeffer allegedly became "concerned with the way in which Mirkine was handling the accounts." (Betz Aff. Ex. B ¶¶ 7-8). As a result, Mr. Pfeffer told Mirkine to transfer all of the assets in the children's trust into plaintiff's trust. (Id. ¶ 8). Mirkine refused to do so because he believed Mr. Pfeffer was not competent. (Id.). Mirkine then "advised Murray Pfeffer to write him a letter requesting the transfer." (Id. ¶ 9). On January 11, 2010, Mr. Pfeffer sent a letter to Mirkine making the request. (Id. ¶ 10).

On January 13, 2010, plaintiff spoke with Mirkine on the phone. Mirkine told her that Murray Pfeffer's children from his first marriage "brought him two letters from physicians declaring Murray Pfeffer mentally incapacitated." (Betz Aff. Ex. B. ¶ 11). Mirkine also told plaintiff that "the money within [the children's trust] was now frozen." (Id.).

Sometime in early 2010, Murray Pfeffer's children commenced a guardianship proceeding for their father in New York State Supreme Court, Westchester County. In August 2010, the court appointed plaintiff to be the guardian of Mr. Pfeffer's "person," and appointed an independent guardian of Mr. Pfeffer's property. (Tr. at 387-88; Betz Aff. Ex. F at 18).

Mr. Pfeffer died on October 6, 2012. Thereafter, the guardian of the property distributed the property to plaintiff and the children. (See Tr. at 387).

In February 2015, plaintiff, who was then represented by counsel, commenced the arbitration by filing a statement of claim with FINRA. (See Betz Aff. Exs. B, C). Plaintiff asserted causes of action for breach of fiduciary duty based on fraud, breach of contract, negligent misrepresentation, and conversion. The essence of her claims was that Wells Fargo and Mirkine had wrongfully refused to follow Mr. Pfeffer's instructions to transfer assets from the children's trust into plaintiff's trust.

3

A three-person FINRA arbitration panel held a hearing over the course of seven sessions in January, May, and September 2016, during which plaintiff, who at that point was proceeding pro se, gave an opening statement, testified, was cross-examined, called witnesses to testify, presented documentary evidence to the panel, and gave a closing argument. Defendants, represented by counsel, were afforded the same opportunities during the arbitration hearing.

By arbitration award dated September 30, 2016, the FINRA panel "denied [plaintiff's claim] in its entirety." (Betz Aff. Ex. A at 2).

**DISCUSSION**

I.  Legal Standard

The proper vehicle for a party seeking vacatur of an arbitral award is by motion, not by filing a complaint. See Section 6 of the Federal Arbitration Act, codified at 9 U.S.C. § 1 et seq. Here, considering plaintiff's pro se status, the Court liberally construes plaintiff's complaint and opposition to defendants' motion to dismiss as a motion to vacate the FINRA arbitration award under Section 10 of the Federal Arbitration Act. See Lobaito v. Chase Bank, 2012 WL 3104926, at *5 (S.D.N.Y. July 31, 2012), aff'd, 529 F. App'x 100 (2d Cir. 2013) (summary order).[3] This is particularly appropriate here because plaintiff states in her complaint that she "would like the Court to please vacate the Award" (Compl. ¶ V), and in her opposition to defendants' motion, she again "asks that the award be vacated," and provides legal arguments for why, in her view, vacatur is appropriate.[4] (Opp'n Br. at 4). Defendants have cross-moved for confirmation of the award. (Defs.'s Br. at 11-12).

---

[3]  Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[4]  Because the Court is construing plaintiff's complaint as a motion to vacate the arbitration award, it need not consider defendants' remaining arguments in support of their motion to dismiss the complaint. Nevertheless, the Court notes that defendants are also entitled to

4

"Federal court review of an arbitral judgment is highly deferential." Pike v. Freeman, 266 F.3d 78, 86 (2d Cir. 2001). Indeed, "[a] court's review of an arbitration award is . . . 'severely limited,' . . . so as not to frustrate the 'twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71–72 (2d Cir. 2012) (quoting ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co., 564 F.3d 81, 85 (2d Cir. 2009) and Rich v. Spartis, 516 F.3d 75, 81 (2d Cir. 2008)).

"The confirmation of an arbitration award under FAA [Section] 9 is thus generally 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" Kerr v. John Thomas Fin., 2015 WL 4393191, at *3 (S.D.N.Y. July 16, 2015) (quoting D.H. Blair & Co. v. Gottdienier, 462 F.3d 95, 110 (2d Cir. 2006)).

"An arbitration award may be vacated if: (i) the award was procured by 'corruption, fraud or undue means'; (ii) the arbitrators exhibited 'evident partiality' or 'corruption'; (iii) the arbitrators were guilty of 'misconduct' or 'misbehavior' that prejudiced the rights of any party; or (iv) the arbitrators 'exceeded their powers.'" Singh v. Raymond James Fin. Servs., Inc., 2014 WL 11370123, at *2 (S.D.N.Y. Mar. 28, 2014) (quoting 9 U.S.C. § 10(a)), aff'd, 633 F. App'x 548 (2d Cir. 2015) (summary order).

"[T]he burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as 'there is a barely colorable justification for the outcome reached.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL

---

dismissal of the complaint under the doctrine of res judicata because the underlying allegations in plaintiff's complaint are the same as those raised before the FINRA arbitration panel. See Lobaito v. Chase Bank, 2012 WL 3104926, at *4 ("The Complaint must be dismissed to the extent that [plaintiff] seeks to re-litigate the causes of action set forth in his FINRA statement of claim.").

5

Irrevocable Tr., 729 F.3d 99, 103-04 (2d Cir. 2013) (quoting Rich v. Spartis, 516 F.3d 75, 81 (2d Cir. 2008)).

II.     Application

Plaintiff argues her case "meets at least three of the criteria for vacating an arbitration award." (Opp'n Br. at 4). In particular, she argues (i) the award was procured by undue means, (ii) there was evident partiality among the arbitrators, and (iii) the arbitrators were guilty of misconduct.

The Court disagrees.

A.     Undue Means

Plaintiff alleges the arbitration award was procured by "undue means" because defense counsel "yelled at the arbitrators on many occasions," "tried to take control of the arbitration," and "the arbitrators were intimidated by him." (Opp'n Br. at 5).

"To justify vacatur on the grounds of fraud or undue means, it must be 'abundantly clear' that the award was procured through improper means." ACP Inv. Grp., LLC v. Blake, 2016 WL 5947290, at *4 (S.D.N.Y. Oct. 13, 2016) (quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d at 105)). "[M]isconduct occurs under this provision only where there is a denial of 'fundamental fairness.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d at 105 (quoting Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997)).

Here, contrary to plaintiff's contention, a review of the transcript of the arbitration proceedings shows the panel conducted a fair, professional, and proper hearing. Moreover, the panel repeatedly allowed plaintiff leeway because of her pro se status, and frequently ruled against defendants, including by denying their motion for a directed verdict.

6

Accordingly, the Court finds the arbitration award was not obtained through undue means.

B.  Partiality

Plaintiff argues there was "evident partiality in the arbitrators," because "[t]he Board members were intimidated by [defense] counsel and made rulings in his favor as a result." (Opp'n Br. at 5; see also id. at 2).

In determining whether there is partiality, the Second Circuit has found several factors "helpful": "(1) the extent and character of the personal interest, pecuniary or otherwise, of the arbitrator in the proceedings; (2) the directness of the relationship between the arbitrator and the party he is alleged to favor; (3) the connection of that relationship to the arbitrator; and (4) the proximity in time between the relationship and the arbitration proceeding." Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d at 74 (quoting Three S Del., Inc. v. DataQuick Info. Sys., Inc., 492 F.3d 520, 530 (4th Cir. 2007)).

Here, plaintiff makes no allegation that any of the arbitrators had a relationship with defendants or their counsel, or otherwise had any personal interest in the outcome of the dispute. Moreover, as noted above, the transcript shows no signs of intimidation on the part of the panelists. Therefore, the Court rejects plaintiff's allegation of partiality on the part of the arbitration panel.

C.  Misconduct

Finally, plaintiff argues the arbitration panel was guilty of misconduct because it did not allow her to fully present her case and did not consider her evidence. She alleges she was "repeatedly cut off by the Board when she tried to testify," and "was told that her statements were repetitive," and that her "documentary evidence was . . . disregarded by the Board."

7

(Opp'n Br. at 3). She alleges that the panel allowed defendant to use her exhibits against her, they did not take her evidence with them to review between sessions, and they destroyed the evidence at the end of the last hearing day. (Opp'n Br. at 3-4).

"Courts may also vacate an arbitration award when 'the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d at 104 (quoting 9 U.S.C. § 10(a)(3)).

Here, the transcript of proceedings makes clear that contrary to plaintiff's allegations, the arbitration panel considered her evidence. Moreover, the panel showed a thorough understanding of the issues in the case and the underlying documents throughout the proceedings. As a result, the Court finds no misconduct on the part of the arbitration panel here.

Accordingly, the Court rejects plaintiffs' arguments for vacatur of the arbitration award, and confirms the award.

**CONCLUSION**

Plaintiff's motion to vacate the arbitration award is DENIED.

Defendants' motion to confirm the award is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of an appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #11) and close this case.

Dated: May 23, 2017
      White Plains, NY

                        SO ORDERED:

                        _____
                        Vincent L. Briccetti
                        United States District Judge